### James H. Eldredge *vs.* Pardon B. Greene.

Certain property was conveyed to J. in trust for the grantor during life, and after her death to hold, keep properly invested, collect rents and profits, and the net income to apply at the trustee's discretion to the decent and comfortable support of her son C., with power, if the income was insufficient, to use the principal so far as necessary first obtaining the consent of this court. After the death of C. provision was made for the distribution of any remaining part of the *corpus* of the trust.

*Held*, that it was not competent for the trustee to purchase with the *corpus* of the trust an annuity for C., though the income of the trust was insufficient for the support of

C., and the annuity would probably suffice, and the purchase was assented to by some of the donees over.

By the same trust deed the trustee was to pay, after the settlor's death, certain personalty to E., the settlor's daughter, and to A., the settlor's granddaughter, both of whom died before the settlor.

*Held,* that these gifts to E. and A. vested immediately on the execution of the trust deed, payment being postponed for the settlor's benefit.

BILL IN EQUITY for instructions.

*Providence, May* 2, 1890. DURFEE, C. J. This is a trustee's bill for instructions. The trust was created by Anna C. Greene, now recently deceased, by deed dated January 14, A. D. 1880. Said Anna conveyed by said deed certain real and personal property to the complainant, James H. Eldredge, in trust for herself for life, and after her death on further trusts therein declared. One of said further trusts relates to a share of the personal property, directing the trustee "to keep possession of the same, and the same to keep properly invested, and to collect and receive the rents, income, dividends, and profits of the same, and the net income from the same to apply according to his discretion for the benefit of and to expend in securing the decent and comfortable support of my son, Charles W. Greene, during the term of his natural life, with power, having first applied for and obtained the consent of the Supreme Court, to expend so much of the principal of the said share for the same uses and purposes, from time to time, whenever the income thereof, together with any income my said son may enjoy from other sources, shall prove insufficient to meet the necessary expenses in providing for his comfortable support, as may be necessary therefor."

The trustee is further directed after the death of said Charles to pay out of what remains the sum of five hundred dollars to each of the wives of three of her grandsons, and, if what remains be insufficient therefor, to divide what remains equally between them, the heirs at law of any deceased wife, if of the blood of the settlor, to take the part of such deceased wife. And if any of said share remains after said payments, the trustee is directed to divide it equally among the settlor's children, or, if they are not living, among their descendants in their steads, paying over certain parts and retaining certain other parts still in trust.

The bill sets forth that the trust fund amounts to about $4,000;

that the net income of it is too small for said Charles's comfortable support; that he is unable to contribute to his own support; that he is sixty-two years old, and has according to the life tables a twelve years' expectancy of life; that an annuity of $420 can be purchased for him for $4,000, payable in quarter yearly instalments during his life, which, with some trifling income which he has, will support him; and that the complainant desires the sanction of the court to his investing the trust fund in the purchase of such an annuity. It is in evidence that said Charles has no disease which is likely to shorten his life, and that he belongs on his mother's side to a long-lived family, so that there is a prospect that the trust fund may be exhausted in his lifetime, and he be reduced to destitution. Some of the donees over, to wit, the wives of the three grandsons before mentioned and the three grandsons, have given their consent in writing to the purchase of the annuity, but there are others who have not consented. Besides, the titles of the donees over, excepting those of the three wives, are still contingent, and it may be that those who would take now, if said Charles were now deceased, are not those who will be entitled to take at his death. We do not see, therefore, that we can allow our decision to be affected by the consent as given.

We think it probable that it would be wise to convert the fund into an annuity, if it could be so converted consistently with the trust. But can it be? The trust deed gives the trustee power to alter the investment of the personalty in whole or in part at his discretion, but adds that he is to collect and receive the income, dividends, and profits thereof, showing thereby that, in the settlor's contemplation, the altered investment was to be an income-producing one. The power given him to take from the principal from *time to time*, with the consent of this court, is evidence that the principal was to be preserved for that purpose. And the gifts over are utterly inconsistent with the trustee's having power to convert the fund into an annuity, since that would at once defeat them. It is true these gifts over may be defeated by an exercise of the power, clearly legitimate and even obligatory, if said Charles's life is prolonged; but life is uncertain, and said Charles may die within the year, leaving the fund or the larger part of it to go as given over. The trust, though primarily for his benefit, is likewise sec-

ondarily for the benefit of the donees over, and we know of no power, which either the trustee or the court has, to put an end to it, otherwise than as provided by the deed, in so far as it is for their benefit. They as well as he are *cestuis que trustent*, and like him are entitled to have their interests as such duly protected. We cannot sanction the conversion.

The trust deed conveys the property described in it to the trustee on trust for the settlor for life, and, after her death, on further trusts, among others to pay the sum of $500 to her granddaughter, Anna B, Waterman, out of the personal property, and to convey a certain share of the personal property to her daughter, Emily G. Waterman. Said Anna and Emily died in the lifetime of the settlor. The trustee desires to know whether he shall pay said sum and convey said share to their legal representatives, or regard the gift thereof as defeated by their death before the settlor's. We think said sum and share must be regarded as having vested immediately on the execution of the trust deed, the time of their payment and conveyance being postponed, not for any purpose pertaining to the gifts or either of them, but for the benefit of the settlor herself, so that she might have the income of the property given so long as she lived. *Pond* v. *Allen*, 15 R. I. 171, 178, and cases cited; 2 Woerner American Law of Administration, § 436, and cases cited.

We instruct the trustee to pay said sum and convey said share to the legal representatives of said Anna and Emily respectively.